# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DAVID TELLEZ, | ) CV 13-7119-SH |
| Plaintiff, | ) MEMORANDUM DECISION |
| v. | ) AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## I. PROCEEDINGS

Plaintiff filed his Complaint For Review of the Final Decision of the Commissioner of Social Security on October 2, 2013. Defendant filed an Answer, along with the Administrative Record, on January 22, 2014.

Plaintiff filed his Memorandum in Support of Complaint on February 21, 2014, and Defendant filed its Opposition Memorandum on April 23, 2014. No Reply brief was filed. The parties have consented to the jurisdiction of the magistrate judge.

## II. BACKGROUND

Plaintiff filed an application for Supplemental Security Income on January 8, 2010. On January 26, 2012, the ALJ issued a Decision finding that plaintiff was not disabled. Plaintiff sought review by the Appeals Council, which was denied on July 22, 2013. This Action followed.

The sole issue in this case is whether the ALJ failed to articulate specific and legitimate reasons for rejecting the opinion of the treating physician, Dr. Miguel Cervantes. For the reasons set forth below, the court finds that the ALJ's rationale is supported by the record, and the Decision of the ALJ is affirmed.

## III. DISCUSSION

The ALJ determined that plaintiff suffered from chronic low back pain, chronic left shoulder pain, fibromyalgia, antisocial personality features, and polysubstance abuse in remission. Despite these severe impairments, the ALJ determined that plaintiff retained the residual functional capacity to perform light work with certain restrictions.

Dr. Cervantes, the treating physician, opined in a form questionnaire dated December 18, 2010 (A.R.358-360) that plaintiff had more physical limitations than the ALJ eventually determined. The Vocational Expert testified that if Dr. Cervantes' opinions regarding plaintiff's ability to stand only two hours a day, and shift his position at will from sitting to standing or walking, then plaintiff would be disabled. A.R. 49.

However, the ALJ rejected Dr. Cervantes' opinion, concluding that the doctor's opinion was not supported by the medical evidence of record, nor by Dr. Cervantes' own treatment records of two months earlier. (A.R. 20.)

In his notes of October 12, 2010 (A.R. 366–7), Dr. Cervantes reported that plaintiff was "doing well", able to perform his normal activities without increased pain, appeared "very comfortable", and "had no concern with respect to his pain issues".

While plaintiff is correct that reliance on the objective medical evidence is itself insufficient to support rejection of a treating physician's opinion, here the ALJ properly relied on the same physician's own treatment notes of two months earlier. While the physician did note that plaintiff did have some "bad days", the notation included noting that Tylenol with codeine helped plaintiff.

Although both parties refer to subsequent medical records, they were not relied on the by ALJ in discounting Dr. Cervantes' December, 2010 opinion.

Moreover, as defendant notes, the ALJ found plaintiff's subjective complaints to be only partially credible,(A.R. 19) which finding is unchallenged.

The Decision to reject Dr. Cervantes' opinion, based on his own treatment notes, was proper. Tommasetti v. Astrue, 533 F. 3d 1035, 1041 (9th Cir. 2008). Dr. Cervantes' opinion was on a form, was brief, conclusory and unsupported by recent clinical findings. Batson v. Commissioner, 359 F. 3d 1190, 1195 (9th Cir. 2003.

## IV. ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed, and the Complaint is dismissed.

DATED: May 15, 2014

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE